*IRETON ET AL. V. STATE EX REL. HUNT.

COMMISSIONERS ARE WITHOUT POWER TO EMPLOY LEGAL COUNSEL TO SUPPLANT PROSECUTING ATTORNEY.

> Prosecuting attorneys under Secs. 845 and 1274 Rev. Stat., in the absence of appointment of legal counsel by the county commissioners, must prosecute and defend all suits to which the board of commissioners is a party; hence, in an action in which the board is a party and the prosecutor is willing and able to act, the board is without authority to employ such other legal counsel.

[Syllabus approved by the court.]

ERROR to Hamilton common pleas court.

F. F. Dinsmore and Stanley Struble, for plaintiff in error.

H. T. Hunt, Alfred Bettman and S. W. Merrell, Pros. Attys., for defendant in error:

Cited and commented upon the following authorities: 2 Page, Contracts Sec. 1015; Smith, Mun. Corp. Sec. 679; *Ransom* v. *Mayor,* 24 Barb. (N. Y.) 226; *Clough* v. *Hart,* 8 Kan. 487; *Frederick* v. *Douglas Co.* 96 Wis. 411 [71 N. W. Rep. 798]; *Brome* v. *Cuming Co.* 31 Neb. 362 '[47 N. W. Rep. 1050]; *Waters* v. *Trovillo,* 47 Kan. 197 [27 Pac. Rep. 822]; *Logan Co.* (*Comrs.*) v. *Jones,* 4 Okla. 341 [51 Pac. Rep. 565]; *State* v. *Newton,* 26 Ohio St. 265; *Earnfit* v. *Winans,* 3 Ohio 135; *Brower* v. *Hunt,* 18 Ohio St. 311; *Slingluff* v. *Weaver,* 66 Ohio St. 621 [64 N. E. Rep. 621]; *Little* v. *Seminary,* 72 Ohio St. 417 [74 N. E. Rep. 193]; *Morris Coal Co.* v. *Donley,* 73 Ohio St. 298 [76 N. E. Rep. 945].

SWING, J.

Reading Secs. 845 and 1274 Rev. Stat., together, it seems clear that either the prosecuting attorney or legal counsel employed by the commissioners upon the request of the prosecuting attorney under Sec. 845,

---

*Affirming *State* v. *Hamilton Co.* (*Comrs.*) 20 Dec. 000; affirmed, no op., *Ireton* v. *State,* 81 O. S. 562.

must prosecute and defend all suits and actions to which the commissioners are a party. No legal counsel having been employed by the commissioners under Sec. 845, the statute (Sec. 1274) says that these duties shall be performed by the prosecuting attorney. He cannot refuse to perform the duties imposed by this section, nor is it in the power of the commissioners to employ other counsel to supplant him in the performance of these duties without overruling the clearly expressed intention of the legislature.

Ireton and Schoenle were employed by the commissioners to defend the suit of *Eberhardt* v. *Hamilton Co. (Comrs.)*, a suit pending in the court of common pleas.

Reading Sec. 1271 with Secs. 845 and 1274 Rev. Stat., it is manifest that the legislature intended in the first instance that the prosecuting attorney should be the legal counsel of the commissioners, and perform the duties required to be performed by legal counsel under Sec. 845, and this is done in all the other counties of this circuit, and no doubt it is done in almost all the counties of the state, the prosecuting attorney being able himself to perform not only the primary duties pertaining to his office, which duties are of a criminal nature, but also to perform the duties of legal counsel for the commissioners, which duties are of a civil nature.

Under the provisions of Sec. 1271 Rev. Stat., the prosecuting attorney may appoint such assistants as he shall deem necessary for the proper performance of the duties of his office. These duties primarily are to prosecute all complaints, suits and controversies on behalf of the state, but this provision does not contemplate that he is to appoint assistants to perform the duties of legal counsel for the commissioners. It is clear from Sec. 845 that if the prosecutor, himself, cannot perform the duties of legal counsel required by this section, he shall make this fact known to the commissioners and request them to employ legal counsel to act for them.

The reason for this is plain. The commissioners are the executive officers of the county. They make all contracts and represent the county in all actions, and if the legal counsel, the prosecuting attorney elected by the people, cannot peform the duties, the expressed intention of the legislature is that the commissioners should choose whoever they may think best fitted to attend to the business pertaining to the "legal counsel" contemplated by the statute.

In this case it does not appear from the record but what the prosecuting attorney is able and willing to perform the duties of legal

counsel for the commissioners, nor does the record show that the prose-cuting attorney has requested the county commissioners to appoint legal counsel, and as the statute requires that all suits or actions for or against the commissioners shall be prosecuted by the prosecuting attor-ney or legal counsel employed by the commissioners as such, it follows that the employment of Ireton and Schoenle as counsel to defend the suit in question was not authorized by law, and the judgment must there-fore be affirmed.

**Giffen** and **Smith, JJ.,** concur.

## DECISION ON REHEARING.

A rehearing in this case was granted on account of the Supreme Court having decided Sec. 845 Rev. Stat. unconstitutional. After a full argument and careful consideration we are of the opinion that the un-constitutionality of this section does not make invalid the provision of Sec. 1274 as to the powers and duties of the prosecuting attorney. We are further of the opinion that Sec. 1274 authorizes the commissioners to employ counsel in cases where from any cause the prosecuting attor-ney cannot or will not act as counsel for the commissioners. But the intention of the legislature seems clear that the prosecuting attorney shall act as legal counsel for the commissioners in all suits, since Sec. 845 is no longer valid.

In this case the prosecuting attorney says he is willing and able to prosecute the case in question, and the necessity for the employment of other counsel by the commissioners does not exist. The former judgment will therefore be adhered to.